IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT CLAYTON RECTOR,<br>　　*Plaintiff*,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br>　　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.:<br>Jury |

**COMPLAINT**

Plaintiff Robert Clayton Rector accuses Defendant Lowe's Home Centers, LLC ("Lowe's") of violating federal law as set forth below.

**Nature of Case**

1.　　This is an employment discrimination case.

2.　　This discrimination case centers on Lowe's motivation for discharging Rector.

3.　　In his sole claim, Rector contends that Lowe's decision to discharge him violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623(a)(1)("Prohibition of age discrimination") ("ADEA").

4.　　Rector anticipates bringing a second claim under Texas state law for age discrimination in violation of TEX. LAB. CODE § 21.051(1) upon completion of all required conditions precedent.

**Parties**

5.　　Plaintiff Robert Clayton Rector ("Rector") is an individual who --

　　A.　　resides in Mount Pleasant, Titus County, Texas.

**Complaint**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 1**

  B. has resided in Mount Pleasant, Titus County, Texas at all times from March 17, 2018 to the filing of this pleading.

6. Defendant Lowe's Home Centers, LLC ("Lowe's") –

  A. is an active North Carolina corporation.

  B. has its corporate office in Wilkesboro, North Carolina.

  C. may be served with process by serving its registered agent, which is **Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**.

## Jurisdiction

7. This Court has original subject matter jurisdiction over this action because Rector's ADEA claim presents a federal question. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1343(a)(4) ("civil rights").

8. This Court has personal jurisdiction, both specific and general, over Lowe's because Lowe's conducts business in Texas, Rector's ADEA claim arose in Texas, and Lowe's is amenable to service by this Court.

## Venue

9. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to Rector's ADEA claim occurred here. *See* 28 U.S.C. § 1391(b)(2).

## Material Facts

### *BACKGROUND ON LOWE'S*

10. Lowe's operates home improvement stores. As of May 13, 2016, Lowe's and its corporate parent operated more than 1,840 stores across North America.

11. Between March 17, 2018 and April 7, 2020, Lowe's was operating a store located at 1220 Lakewood Drive in Mount Pleasant, Texas 75455.

 A. Lowe's identified this store as "Store Number 1802."

 B. Store Number 1802 was part of a work unit that Lowe's called "Market 1279."

 C. Store Number 1802 was part of a work unit that Lowe's called "Region 5."

***LOWE'S HIRES RECTOR***

12. According to Lowe's records, Rector's date of birth is in Year 1944.

 A. Rector gives only the year of his birth in compliance with the provisions found in FED. R. CIV. P. 5.2(a)(2) ("Privacy Protection for Filings Made with the Court").

13. Lowe's put Rector on its payroll in Year 2018.

14. Lowe's put Rector on its payroll in March of 2018.

15. Lowe's put Rector on its payroll around the middle of March 2018.

16. Lowe's put Rector on its payroll effective March 18, 2018.

17. Lowe's assigned Rector to Store Number 1802 throughout Rector's entire employment with Lowe's.

18. At the beginning of Rector's employment, Lowe's assigned to Rector the following job title -- "Associate."

19. Lowe's later changed Rector's job title to "Department Supervisor."

 A. Lowe's did this during the first quarter of Year 2019.

 B. Lowe's did this in February 2019.

20. When Lowe's changed Rector's job title to Department Supervisor, Lowe's increased the amount of pay it tendered to Rector.

21. In its employment records, Lowe's characterized the change in Rector's job title to Department Supervisor as a "promotion."

22. At no time from March 21, 2020 to April 7, 2020 was Lowe's aware of Rector suffering from any disability that prevented him from performing any of his essential job duties.

23. At no time from March 21, 2020 to April 7, 2020 was Lowe's aware of Rector suffering from the loss of any necessary professional license that prevented him from performing any of his essential job duties.

24. At no time from March 21, 2020 to April 7, 2020 was Lowe's aware of Rector suffering from any occurrence that rendered him unfit for his job there.

25. At all times from March 21, 2020 to April 7, 2020, Lowe's employed a certain Ms. Michelle Dale.

26. According to Lowe's employment records, Dale is more than ten years younger than Rector.

27. According to Lowe's employment records, Dale is more than fifteen years younger than Rector.

28. According to Lowe's employment records, Dale is more than twenty years younger than Rector.

29. At all times from March 21, 2020 to April 7, 2020, Lowe's assigned Dale to its store located at 1220 Lakewood Drive in Mount Pleasant, Texas 75455.

30. At all times from March 21, 2020 to April 7, 2020, Lowe's assigned Dale to Store Number 1802.

31. At all times from March 21, 2020 to April 7, 2020, Lowe's job title for Dale was "Assistant Store Manager."

32. Dale was on Lowe's payroll on the day when this pleading was filed.

    A. As of the day when this pleading was filed, Dale was out on a leave of absence.

    B. As of the day when this pleading was filed, Lowe's had posted the employment position occupied by Dale.

33. Dale is currently on Lowe's payroll.

34. At all times from March 21, 2020 to April 7, 2020, Lowe's employed a certain Mr. Robert McClure.

35. According to Lowe's employment records, McClure is more than ten years younger than Rector.

36. According to Lowe's employment records, McClure is more than fifteen years younger than Rector.

37. At all times from March 21, 2020 to April 7, 2020, Lowe's assigned McClure to its store located at 1220 Lakewood Drive in Mount Pleasant, Texas 75455.

38. At all times from March 21, 2020 to April 7, 2020, Lowe's assigned McClure to Store Number 1802.

39. At all times from March 21, 2020 to April 7, 2020, Lowe's job title for McClure was "Store Manager."

40. McClure was not on Lowe's payroll when this pleading was filed.

41. McClure is currently not on Lowe's payroll.

42. Lowe's discharged McClure.

43. Lowe's discharged McClure in September 2020.

44. Lowe's discharged McClure on September 11, 2020.

45. On September 11, 2020, Lowe's had an employee named "Nick" escort McClure to his (*i.e.,* McClure's) vehicle.

## *EVENTS OF MARCH 22, 2020*

46. On March 22, 2020, Rector was a "key carrier" for Lowe's.

    A. Lowe's, by and through an Assistant Store Manager named Ms. Tina Roberts, started classifying Rector as a "key carrier" in July 2018.

47. As of March 22, 2020, Lowe's had never issued to Rector a "security code."

48. Lowe's scheduled Rector to work at Store Number 1802 beginning at 7:00 a.m. on Sunday, March 22, 2020.

49. Lowe's scheduled **Mr. Randy Paul Akin** to work at Store Number 1802 beginning at 7:00 a.m. on Sunday, March 22, 2020.

50. Lowe's scheduled **Ms. Tressa Scott** to work at Store Number 1802 beginning at 7:00 a.m. on Sunday, March 22, 2020.

51. Lowe's scheduled **Mr. Kevin Morrissey** to work at Store Number 1802 beginning at 7:00 a.m. on Sunday, March 22, 2020.

52. Lowe's scheduled **Mr. Donald Alexander** to work at Store Number 1802 beginning at 7:00 a.m. on Sunday, March 22, 2020.

53. Lowe's scheduled **Mr. Javier Garcia** to work at Store Number 1802 beginning at 7:00 a.m. on Sunday, March 22, 2020.

54. Lowe's scheduled **Ms. Hailey Last-Name Unknown** to work at Store Number 1802 beginning at 7:00 a.m. on Sunday, March 22, 2020.

55. Sunrise in Mount Pleasant, Texas on Sunday, March 22, 2020 took place at the following time -- 7:20 a.m.

56. It was drizzling rain at Store Number 1802 at 7:00 a.m. on Sunday, March 22, 2020.

57. Lowe's scheduled Dale to work at Store Number 1802 beginning at 6:45 a.m. on Sunday, March 22, 2020.

58. Dale was not at Store Number 1802 at 6:45 a.m. on Sunday, March 22, 2020.

59. Dale was not at Store Number 1802 at 7:00 a.m. on Sunday, March 22, 2020.

60. Dale was not at Store Number 1802 at 7:05 a.m. on Sunday, March 22, 2020.

61. Dale was not at Store Number 1802 at 7:10 a.m. on Sunday, March 22, 2020.

62. On Sunday, March 22, 2020, Rector opened the door to the foyer of Store Number 1802

    A. Rector did this at about 7:10 a.m.

    B. When Rector did this, both he and the persons identified in paragraphs 49 – 54 *supra* were able to get into the foyer and out of the drizzling rain.

    C. When Rector did this, neither he nor the persons identified in paragraphs 49 – 54 *supra* were able to get into Store Number 1802 itself.

63. On Sunday, March 22, 2020, the security alarm to Store Number 1802 sounded.

64. At about 7:10 a.m. on Sunday, March 22, 2020, the security alarm to Store Number 1802 sounded.

65. On Sunday, March 22, 2020, the security alarm to Store Number 1802 sounded prior to Dale's arrival.

66. On Sunday, March 22, 2020, the security alarm to Store Number 1802 sounded prior to Dale's arrival. This required both Rector and the persons identified in paragraphs 49 – 54 *supra* to leave the foyer and go back outside.

67. On Sunday, March 22, 2020, the security alarm to Store Number 1802 sounded

prior to Dale's arrival. This required both Rector and the persons identified in paragraphs 49 – 54 *supra* to leave the foyer and back outside in the drizzling rain.

68. On Sunday, March 22, 2020, Dale did not show up for work on or before the time she was required to be at the Store.

69. Dale arrived at Store Number 1802 on Sunday, March 22, 2020, around 7:15 a.m.

70. When she arrived at Store Number 1802, Dale did not apologize or express remorse to Rector for being late.

71. When she arrived at Store Number 1802, Dale did not apologize or express remorse to Rector for having him stand outside in drizzling rain.

72. When she arrived at Store Number 1802, Dale did not apologize or express remorse to any of the persons identified in paragraphs 49 – 54 *supra* for being late.

73. When she arrived at Store Number 1802, Dale did not apologize or express remorse to any of the persons identified in paragraphs 49 – 54 *supra* for being having them stand outside in drizzling rain.

74. After she had arrived at Store Number 1802, and after she had let the following employees into Store Number 1802 – Akin, Scott, Morrissey, Alexander, Garcia, and Hailey (collectively hereinafter "Akin, Scott, *et al.*") -- Dale raised her voice at Rector.

75. After she had arrived at Store Number 1802, after she had let Akin, Scott, *et al.* inside Store Number 1802, and while she was in Rector's presence, Dale threw her hands in the air.

76. When she arrived at Store Number 1802, after she had let Akin, Scott, *et al.* inside the Store Number 1802, and while she was in Rector's presence, Dale asked Rector, "*Why would you open the front door knowing that you have to have a code to get in?*"

**Complaint** **Page 8**

77. Dale's question, quoted in paragraph 76, presupposes that Rector was trying to "get in" to Store Number 1802, which is wrong. As previously noted in paragraph 62 *supra,* Rector opened the door to the foyer only. Rector did not open the door to Store Number 1802 itself.

78. Rector responded by telling Dale that –

    A. he did not know that the alarm was tied to the foyer.

    B. other times the alarm only went off when the doors *to the store, not the foyer,* were opened.

79. Dale did not dispute Rector's statement in paragraph 78.A

80. Dale never advised Rector that she disagreed with Rector's statement in paragraph 77.A at any time during Rector's employment with Lowe's.

81. Dale has never advised Rector that she disagreed with Rector's statement in paragraph 78.A.

82. Dale did not dispute Rector's statement in paragraph 78.B

83. Dale never advised Rector that she disagreed with Rector's statement in paragraph 78.B at any time during Rector's employment with Lowe's.

84. Dale has never advised Rector that she disagreed with Rector's statement in paragraph 78.B.

85. Lowe's discharged Rector.

86. On the afternoon of Monday, April 6, 2020, Lowe's advised Rector that it was discharging him.

87. On the afternoon of Monday, April 6, 2020, Lowe's, by and through McClure, advised Rector that it was discharging him.

88. On the afternoon of Monday, April 6, 2020, Lowe's, by and through McClure,

advised Rector that it was discharging him, effective immediately.

89. On the afternoon of Monday, April 6, 2020, Lowe's, by and through McClure, advised Rector that it was discharging him, effective immediately, *"because of the alarm system."*

90. On the afternoon of Monday, April 6, 2020, Lowe's, by and through McClure, advised Rector that it was discharging him, effective immediately, *"because of the alarm system."* Lowe's disclosed **no other reason** to Rector in support of its discharge decision.

91. Lowe's did not discharge Dale for being late to work on Sunday, March 22, 2020.

92. Lowe's did not suspend Dale for being late to work on Sunday, March 22, 2020.

93. Lowe's did not "write up" Dale for being late to work on Sunday, March 22, 2020.

94. On the afternoon of Monday, April 6, 2020, Lowe's employed a certain Mr. Noah Shelton.

95. According to Lowe's employment records, Shelton is more than ten years younger than Rector.

96. According to Lowe's employment records, Shelton is more than fifteen years younger than Rector.

97. According to Lowe's employment records, Shelton is more than twenty years younger than Rector.

98. According to Lowe's employment records, Shelton is more than twenty-five years younger than Rector.

99. On or after April 6, 2020, Lowe's had Shelton fill the employment position previously filed by Rector.

100. On or after April 6, 2020, Lowe's replaced Rector with Shelton.

101. Due to the conduct of Lowe's, including the foregoing, Rector has suffered

economic losses.

   A. Rector will likely continue to suffer such losses in the future.

## COUNT ONE:
## Violation of ADEA; Discrimination/Discharge

 102. Rector re-alleges and incorporates by reference all allegations set forth in paragraphs 10 through 101.A.

 103. Rector was an "employee" of Lowe's, as that term is defined in 29 U.S.C. § 630(f), at all times from his date of hire there to the last day of his employment there.

 104. Lowe's was an "employer" of Rector, as that term is defined in 29 U.S.C. § 630(b), at all times from the date when it put Rector on its payroll to the last day of Rector's employment there.

   A. The Company had twenty or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2020.

   B. The Company had twenty or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2019.

   C. The Company had twenty or more individuals on its payroll for each working day in each of twenty or more calendar weeks during Year 2018.

 105. According to the Company's records, Rector's age in April 2020 was more than forty years. 29 U.S.C. § 631(a).

 106. The ADEA states that *"[i]t shall be unlawful for an employer ... to discharge any individual ... because of such individual's age[.]"* 29 U.S.C. § 623(a)(1).

   A. Lowe's violated the statute quoted in this paragraph when it discharged Rector.

**Complaint**                                          **Page 11**

107. All prerequisites to the filing of this ADEA claim have been fulfilled. *First*, Rector timely filed charge of discrimination number 450-2020-04548 ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d)(1)(B)(three hundred days). *Second*, more than 60 days have elapsed from the filing of the Charge to the filing of this lawsuit, and at no time during those 60 days, nor at any time thereafter, did EEOC ever bother to commence an action to enforce Rector's rights. *Id. Third*, EEOC mailed a letter to Rector, dated August 26, 2020, titled *Dismissal and Notice of Rights.* The undersigned counsel received a copy of this letter on August 28, 2020. *Fourth*, Rector has filed this lawsuit fewer than 90 days from his receipt of that letter. *Id.* at § 626(e).

108. Rector is entitled to an award of back pay, interest on back pay, reinstatement or in the alternative front pay, the value of lost employment benefits, and all other appropriate legal and equitable relief that is within the scope of 29 U.S.C. § 626(b).

109. The violation of the ADEA by Lowe's was willful. Rector is therefore entitled to an award of liquidated damages in addition to equitable relief. 29 U.S.C. § 626(b).

110. Rector is entitled to recover reasonable attorney's fees and costs pursuant to 29 U.S.C. § 626(b).

### Jury Demand

111. Rector demands a jury on all issues so triable. *See* FED. R. CIV. P. 38.

### Request for Relief

WHEREFORE, Plaintiff Robert Clayton Rector asks that Defendant Lowe's Home Centers, LLC ("Lowe's") appear and answer, and that on trial of this action Rector have final judgment against Lowe's as set forth hereinabove, and for all such other and further relief to which Rector is justly entitled.

Dated: October 9, 2020

                                        Respectfully submitted,

                                        */s/ Wade A. Forsman*
By:

                                        **Wade A. Forsman**
State Bar No. 07264257
P.O. Box 918
Sulphur Springs, TX 75483-0918
Tel.: 903.689.4144 East Texas
Tel.: 972.499.4004 Dallas Fort Worth
Fax: 903.689.7001
**wade@forsmanlaw.com**

**Attorney for Plaintiff Robert Clayton Rector**